UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RONALD BLUE WEST,

    Plaintiff,

v. : CIVIL NO. 3:16-CV-2460

MICHAEL D. TAFELSKI, et al.,[1] : (Judge Kosik)

    Defendants.

FILED
SCRANTON
DEC 22 2016
PER _____
DEPUTY CLERK

**MEMORANDUM**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff Ronald Blue West commenced this civil rights action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346. In this action, he seeks injunctive and monetary relief for violations of his constitutional rights in conjunction with employees at the Federal Correctional Institution ("FCI") at Allenwood, Pennsylvania, who are alleged to have negligently put his life in danger. He is no longer confined there, and is currently housed at the FCI- Estill, South Carolina. Although Plaintiff names three (3) individual employees as defendants in this matter,

---

[1] Since this is an action brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, the only proper defendant is the United States of America. See 28 U.S.C.A. § 2679; McNiff v. Asset Mgmt. Specialist, 337 F.Supp.2d 685, 691 (E.D. Pa. 2004). As such, the Clerk of Court will be directed to terminate the defendants named by West and add the United States as the only defendant in this action.

the only proper defendant is the United States of America. Plaintiff has filed a motion seeking leave to proceed *in forma pauperis* in this matter (Doc. 2) and an Authorization form (Doc. 3). He has also filed a motion seeking the appointment of counsel and a statement in support thereof. (Docs. 5, 6.) After reviewing the information provided by Plaintiff, his request to proceed *in forma pauperis* will be granted, the request for counsel will be denied without prejudice, and service of the complaint will be directed.

With respect to Plaintiff's request for counsel, it is well established that there is neither a constitutional nor statutory right to counsel for civil litigants. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2001). Congress has granted district courts the discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (noting that appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) is "discretionary"). A court's discretionary authority to appoint an attorney to represent a civil litigant (prisoner or non-incarcerated individual) only comes into play when the party is proceeding within the terms of 28 U.S.C. § 1915, *Proceedings In Forma Pauperis*, which necessarily implies the litigant's indigent status, and is made on a case-by-case basis. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

The United States Court of Appeals for the Third Circuit has stated that the

2

appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. Without passing judgment as to the ultimate merits of Plaintiff's claims, for the sole purpose of his motion the court will assume that the case has arguable merit in law and the facts.

Upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

3

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Plaintiff's motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. While Plaintiff claims that he is limited by his imprisonment, and that the issues involved are complex and a lawyer is better equipped to handle discovery and a trial in this matter, the pleadings submitted by Plaintiff so far are clearly written and detail the claims he desires to pursue. The legal issue involved is not complicated, and Plaintiff demonstrates that he is able to litigate this matter on his own at this point. Any concern about discovery or a trial is premature at this early juncture. Plaintiff is clearly literate and, while he may be confined, he is able to litigate this matter without the aid of counsel at this time. It cannot be said, at least at this point, that Plaintiff will suffer substantial prejudice if he is required to proceed with the prosecution of this case on his own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel. His pending motion for counsel will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.