UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD BLUE WEST, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL NO. 3:16-CV-2460 |
| | : | |
| UNITED STATES OF AMERICA, | : | (Judge Kosik) |
| | : | |
| Defendant. | : | |

## ORDER

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Plaintiff, Ronald Blue West, commenced this civil rights action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346.  In this action he seeks injunctive and monetary relief for violations of his constitutional rights in conjunction with actions of employees at the Federal Correctional Institution ("FCI") at Allenwood, Pennsylvania, who are alleged to have negligently put his life in danger.  Plaintiff is no longer confined there, and is currently housed at the FCI at Estill, South Carolina.  On December 22, 2016, the United States of America was substituted as the sole Defendant and service of the complaint was directed.  (Docs. 8, 9.)  In addition, Plaintiff's request for the appointment of counsel was denied.  He currently seeks reconsideration of the denial of his counsel motion.  (Doc. 12.)  His motion for reconsideration will be denied for the following reasons.

A motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Kabacinski v. Bostrom Seating, Inc., 98 F. App'x 78, 81 (3d Cir. 2004)(quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  The standard was properly set forth by the court in the Memorandum of December 22, 2016, and will not be repeated herein.  (Doc. 8.)  Plaintiff reasserts the same arguments in support of his request for counsel, and these arguments have been rejected.  Moreover, Plaintiff attempts to argue the merits of his case in his motion for reconsideration in support of the appointment of counsel.  He also claims that counsel should be appointed "to level the playing field."  (Doc. 12 at 3.)

None of the reasons given by Plaintiff warrant reconsideration by the court.  The court may grant a motion for reconsideration only if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.  United States v. Banks, Crim. No. 03-245, 2008 WL 5429620, at *1 (W.D. Pa. Dec. 31, 2008)(citing Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).  Plaintiff demonstrates none of these reasons and merely is dissatisfied with the decision to deny counsel without prejudice at this time.  There is no question that he is more than able to litigate this matter on his own at this juncture.  As such, and for

the reasons previously given by the court, the pending motion for reconsideration will be denied.

**ACCORDINGLY, THIS 6th DAY OF JANUARY, 2017, IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Reconsideration (Doc. 12) is **DENIED**.

 s/Edwin M. Kosik
EDWIN M. KOSIK
United States District Judge