UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RONALD BLUE WEST,                    :
                                     :
          Plaintiff,               :
                                     :
  v.                                 :      CIVIL NO. 3:16-CV-2460
                                     :
UNITED STATES OF AMERICA,            :      (Judge Kosik)
                                     :
          Defendant.               :

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

    Plaintiff, Ronald Blue West, commenced this civil rights action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346. In this action he seeks injunctive and monetary relief for violations of his constitutional rights in conjunction with actions of employees at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), Pennsylvania, who are alleged to have negligently put his life in danger. Plaintiff is no longer confined there, and is currently housed at the Federal Correctional Institution at Estill, South Carolina. The United States of America has been substituted as the sole Defendant in this matter and service of the complaint has been directed. (Docs. 8, 9.) In addition, Plaintiff's request for the appointment of counsel was denied (Docs. 8, 9), and reconsideration of this decision has also been denied. (Doc. 13.) Presently pending is Plaintiff's motion seeking reconsideration of the court's denial of his request for counsel motion and the denial of his request for


reconsideration thereof.  (Doc. 14.)  For the reasons that follow, his motion will be denied.

A motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Kabacinski v. Bostrom Seating, Inc., 98 F. App'x 78, 81 (3d Cir. 2004)(quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  The standard for appointing counsel was properly set forth by the court in the Memorandum of December 22, 2016, and will not be repeated herein. (Doc. 8.)  In his pending motion, Plaintiff claims that he seeks to correct "errors of evidence" that the court will not allow him to present in his case against the United States.  In particular, he claims that because he is now confined in South Carolina, and his evidence is in Pennsylvania, namely the testimony of inmate Patrick Patterson who is confined at Plaintiff's former prison - FCI-Allenwood - that counsel is necessary. According to Plaintiff, Officer Prutzman told inmate Patterson that Plaintiff used to work in law enforcement and this placed his life in danger.  He claims that counsel is necessary to conduct the necessary discovery to prove his claims.

The initial motion for counsel filed by Plaintiff was very general and did not mention this information.  He merely spoke of needing counsel to conduct discovery. Plaintiff did mention inmate Patterson toward the end of his first motion for reconsideration, but the court did not specifically address this issue.  It is the gist of

his pending motion for reconsideration.  Nevertheless, the court finds that Plaintiff is still capable of securing the necessary discovery even though he is not confined at the same prison as inmate Patterson or Officer Prutzman.  There are many instances were inmates file a lawsuit after they have been transferred to a different prison.  While it may be more difficult to obtain the discovery and more time-consuming to do so, this alone does not warrant the appointment of counsel.  While Plaintiff states that if his motion is not granted he may wish to withdraw his action until he can obtain counsel, he is advised that a statute of limitations exists when filing the above action, and also the need to advise the court of any decision to withdraw his matter.

While it is true that Plaintiff may be limited by his imprisonment, he has exhibited the ability to litigate this action thus far.  This case is also in a very early stage, and any concerns about discovery and trial are premature at his time.  In fact, the action was just filed on December 13, 2016, and an answer has not yet been submitted by Defendant.

**ACCORDINGLY, THIS 18th DAY OF JANUARY, 2017, IT IS HEREBY ORDERED THAT** Plaintiff's motion seeking that the court reconsider the denial of counsel (Doc. 14) is **DENIED without prejudice**.

  s/Edwin M. Kosik
EDWIN M. KOSIK
United States District Judge