# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD WEST, #11353-007, | |
| Plaintiff, | CIVIL ACTION NO. 3:16cv02460 |
| v. | (KANE, J.)<br>(SAPORITO, M.J.) |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

This is a *pro se* civil action by a federal prisoner against the United States, brought pursuant to the Federal Tort Claims Act ("FTCA"). On August 18, 2017, the Court received and docketed the plaintiff's amended complaint (Doc. 44-1), filed at the direction of the Court (*see* Doc. 40).

## I. LEGAL STANDARD

Although the United States has not yet responded to the recently filed amended complaint, the Court is permitted to raise the issue of subject matter jurisdiction *sua sponte*. *See Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("Federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte* . . . ."); *Johnson v. United States*, Civil No. 1:CV-08-0816, 2009 WL 2762729, at *2 (M.D. Pa. Aug. 27,

2009). Here it is clear from the amended complaint that West's negligence claim does not fall within the scope of the FTCA's waiver of sovereign immunity, and thus we find it appropriate to recommend *sua sponte* dismissal for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

The plaintiff bears the burden of establishing the existence of subject matter jurisdiction under Rule 12(b)(1). *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A defendant may challenge the existence of subject matter jurisdiction in one of two fashions: it may attack the complaint on its face or it may attack the existence of subject matter jurisdiction in fact, relying on evidence beyond the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Where a defendant attacks a complaint as deficient on its face, "the court must consider the allegations of the complaint as true." *Mortensen*, 549 F.2d at 891. "In deciding a Rule 12(b)(1) facial attack, the court may only consider the allegations contained in the complaint and the exhibits attached to the complaint; matters of public record such as court records, letter decisions of government agencies and published reports of

administrative bodies; and 'undisputably authentic' documents which the plaintiff has identified as a basis of his claims and which the defendant has attached as exhibits to his motion to dismiss." *Medici v. Pocono Mountain Sch. Dist.*, No. 09-CV-2344, 2010 WL 1006917, at *2 (M.D. Pa. Mar. 16, 2010). However, when a motion to dismiss attacks the existence of subject matter jurisdiction in fact, "no presumptive truthfulness attaches to plaintiff's allegations," and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. This case falls into the former category.

## II. DISCUSSION

As a sovereign, "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see also United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Merando v. United States*, 517 F.3d 160, 164 (3d Cir. 2008). Under the FTCA, the United States has waived its sovereign immunity with respect to negligent torts committed by employees of the federal government "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or

omission occurred." 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674; *Merando*, 517 F.3d at 164. Thus, the FTCA provides "a remedy in damages for the simple negligence of employees of the United States to protect federal inmates." *Millbrook v. United States*, 8 F. Supp. 3d 601, 616 (M.D. Pa. 2014) (citing *United States v. Muniz,* 374 U.S. 150, 150 (1963)). The FTCA is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States and its employees. *See* 28 U.S.C. § 1346; 28 U.S.C. § 2679(b). "[S]trict adherence to the terms and requirements of the FTCA is jurisdictional and cannot be waived." *Dilg v. U.S. Postal Serv.*, 635 F. Supp. 406, 407 (D.N.J. 1986).

West seeks an award of monetary damages from the United States under the FTCA, alleging that federal prison officials negligently revealed to another inmate, Patrick Patterson, that West had been employed in the law enforcement field (i.e., as an investigator for a bail bondsman) prior to his conviction and imprisonment. Although West claims that this "placed [his] life in danger," he alleges no physical injury as a result. (Doc. 44-1). All that he alleges is an incident in which he was "verbally assaulted" and pushed out of a cell by Patterson. West was subsequently transferred to another prison. But under the FTCA, a convicted inmate is explicitly

precluded from "bring[ing] a civil action against the United States . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 28 U.S.C. § 1346(b)(2).

Accordingly, in the absence of any allegation of a physical injury, we lack subject matter jurisdiction under the FTCA.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that:

1. The plaintiff's amended complaint (Doc. 44-1) be **DISMISSED** *sua sponte* for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure; and

2. The Clerk be directed to **CLOSE** this case.


Dated: August 23, 2017     ***s/ Joseph F. Saporito, Jr.***
                                                   JOSEPH F. SAPORITO, JR.
                                                   United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD WEST, #11353-007, | |
| Plaintiff, | CIVIL ACTION NO. 3:16cv02460 |
| v. | (KANE, J.)<br>(SAPORITO, M.J.) |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

# **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated August 23, 2017. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Dated: August 23, 2017             ***s/ Joseph F. Saporito, Jr.***
                                   JOSEPH F. SAPORITO, JR.
                                   United States Magistrate Judge