

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD WEST, #11353-007, | |
| Plaintiff, | CIVIL ACTION NO. 3:16cv02460 |
| v. | (KANE, J.)<br>(SAPORITO, M.J.) |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## **ORDER**

This is a *pro se* civil action by a life-term federal prisoner against the United States, brought pursuant to the Federal Tort Claims Act ("FTCA"). The plaintiff's claims were originally dismissed for lack of subject matter jurisdiction in 2017. *See West v. United States*, Civil Action No. 3:16cv02460, 2017 WL 4276815 (M.D. Pa. Aug. 23, 2017), *report and recommendation adopted by* 2017 WL 4269461 (M.D. Pa. Sept. 26, 2017), *aff'd per curiam*, 729 Fed. App'x 145 (2018). A subsequent motion for reconsideration was denied and his appeal from that decision was dismissed as frivolous. *See West v. United States*, Civil Action No. 3:16cv02460, 2018 U.S. Dist. LEXIS 206296 (M.D. Pa. Dec. 4, 2018), *report and recommendation adopted*, Case No. 3:16cv02460 (M.D. Pa. Jan. 3, 2019), *aff'd*, 775 Fed. App'x 38 (3d Cir. 2019).

On May 30, 2019, after this case was closed but while his appeal from the Court's denial of his motion for reconsideration was still pending, West filed a *pro se* motion to seal this case. (Doc. 83.) On June 19, 2019, he filed a second motion to seal. (Doc. 84.) On July 12, 2019, the United States filed a brief in opposition to the motion. (Doc. 85.) On July 29, 2019, the plaintiff filed a brief in support of his motion and in response to the defendant's brief. (Doc. 87.)

It is well established that there is a common law presumption of public access to judicial records. *See generally In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001); *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994). In ordinary civil litigation, "[t]he party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Miller*, 16 F.3d at 551 (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Cendant*, 260 F.3d at 194 (emphasis added). "A party who seeks to seal an *entire* record faces an even heavier burden." *Miller*, 16 F.3d at 551

(emphasis in original).

Here, the plaintiff seeks an order sealing the entire record of this dismissed case, as well as an order directing LexisNexis to remove all such sealed case documents from its databases, which are available to federal inmates performing legal research on prison computers. West asserts that he has requested this measure be taken for his safety within prison. Without providing any specifics, he alleges that inmates have "pull[ed] the case from the computer and put[] it on the compound within the institution." He apparently fears that other inmates who learn of his pre-incarceration background in law enforcement (i.e., as an investigator for a bail bondsman) may cause him harm. He has not articulated any actual threats made to him or injuries he has suffered.[1]

Beyond vague and conclusory allegations of a perceived threat to his safety posed by a publicly available record of this litigation, West has failed to articulate any cogent reason why this case record should be sealed and the public denied access to it. Accordingly, both of his motions

---

[1] He claims only that he was told, by an unidentified speaker, to "watch [him]self on th[e] compound" because "some inmates" were talking about an altercation between him and another inmate that had occurred in 2015 at FCI Allenwood, which formed the basis of his FTCA claim in this case.

to seal (Doc. 83; Doc. 84) are **DENIED**. The case record shall remain **UNSEALED**.

Dated: December __5__, 2019

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

- 4 -